UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-22726-CIV-GAYLES/TURNOFF

JORGE LUIS ALDAO,
          Plaintiff,

    v.

CAROLYN W. COLVIN,
*Acting Commissioner of the Social Security Administration*,
          Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on the Report and Recommendation of Magistrate Judge William J. Turnoff (the "Report") [ECF No. 37], filed on February 29, 2016. In his Report, Judge Turnoff recommends that: (1) the motion for summary judgment filed by Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration (the "Commissioner") [ECF No. 32], be granted; (2) the motion for summary judgment filed by Plaintiff Jorge Luis Aldao [ECF No. 31] be denied; and (3) the Commissioner's decision denying Aldao's eligibility for disability benefits be affirmed. The Court has carefully considered the written submissions, the record, and the applicable law. For the reasons that follow, the Objections are overruled and the Report shall be affirmed and adopted in full.

**I.    BACKGROUND**

On July 22, 2014, Plaintiff Jorge Luis Aldao filed this action seeking review of the decision by the Commissioner denying his eligibility for disability benefits under the Social Security Act. In an effort to reverse the decision of the Administrative Law Judge ("ALJ") finding that Aldao is not disabled, he raised the following issues: (1) the ALJ's consideration of 20 C.F.R. part 404,

subpart P, appendix 1, section 1.04B ("Listing 1.04B") was not based on substantial evidence; (2) the ALJ's analysis of Aldao's residual functional capacity ("RFC") was internally inconsistent and otherwise not based on substantial evidence; (3) the ALJ failed to make specific findings or provide analysis of the physical and mental demands of Aldao's past relevant work; (4) the ALJ's functional assessment was not supported by either a treating or examining medical source; (5) the ALJ failed to fully and fairly develop the record; and (6) the ALJ failed to consider the combined effects of Aldao's impairments; and (7) and the ALJ's credibility analysis was not properly documented or conducted at the appropriate time.

The matter was referred to Judge Turnoff for a report and recommendation on dispositive matters. The parties filed their respective cross-motions for summary judgment [ECF Nos. 31 & 32]. On February 29, 2016, Judge Turnoff issued his Report: addressing the issues Aldao raised, he found no reversible error with the ALJ's decision and recommended that this Court deny Aldao's motion, grant the Commissioner's motion, and affirm the Commissioner's decision. On March 14, 2016, Aldao filed his objections to the Report ("Objections") [ECF No. 39].[1] By Endorsed Order dated March 16, 2016, the Court directed the Commissioner to file a response to the Objections [ECF No. 40], which the Commissioner filed on March 24, 2016 [ECF No. 41].

## II.   LEGAL STANDARD

### A.   *Review of an ALJ's Decision*

When reviewing an ALJ's decision, the Court's role is to determine whether substantial evidence supported that decision. *See* 42 U.S.C. § 405(g); *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999). Substantial evidence is less than a preponderance, but is "more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established; it means

---

[1] The Plaintiff first filed objections on March 11, 2016 [ECF No. 38], but the file was set in an unreadably small typeface. Upon request from the Court that he refile his objections in larger type, the Plaintiff obliged on March 14. The Court refers only to ECF No. 39 in reviewing Judge Turnoff's Report.

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988). In determining whether substantial evidence exists, the Court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court is not, however, permitted to reweigh the evidence the ALJ considered. *Bridges v. Bowen,* 815 F.2d 319, 321 (11th Cir. 1989). The Court must reverse the decision only if the ALJ fails to "provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991). Otherwise, this Court must affirm the decision of an ALJ that is supported by substantial evidence, "[e]ven if [the Court] find[s] that the evidence preponderates against the [Commissioner's] decision." *Bloodsworth v. Heckler*, 703 F.3d 1233, 1239 (11th Cir. 1983).

Unlike the deferential standard of review that applies to the Commissioner's findings of fact, "[n]o presumption of validity attaches to the [Commissioner's] determination of the proper legal standards to be applied in evaluating claims." *Bridges*, 815 F.2d at 624. "Failure to apply the correct legal standards or to provide the reviewing court with the sufficient basis to determine that the correct legal principles have been followed is grounds for reversal." *McDaniel v. Bowen*, 800 F.2d 1027, 1030 (11th Cir. 1986) (citation omitted).

### B.   *Review of a Magistrate Judge's Report and Recommendation*

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If there are no objections, the district court need only review the report

3

and recommendation for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam).

## III. DISCUSSION

Aldao advances two arguments in his Objections: first, that Judge Turnoff applied an inappropriate legal standard to the facts of this case by misconstruing the regulatory requirements of Listing 1.04B; and second, that the ALJ's decision is fatally flawed due to internal inconsistencies pertaining to Aldao's RFC. The Court addresses each of these arguments in turn.

### A. *Listing 1.04B*

Social Security regulations provide that a claimant is disabled if, *inter alia*, he meets or medically equals a listed impairment set forth in the Listings. *See* 20 C.F.R. § 416.920(a)(4)(iii) ("If you have an impairment(s) that meets or equals one of our listings . . . we will find that you are disabled."); *see also id.* § 416.920(d) ("If you have an impairment(s) which . . . is listed in Appendix 1 or is equal to a listed impairment(s), we will find you disabled without considering your age, education, and work experience").[2] To meet a Listing, a plaintiff must have a diagnosis included in the Listings, and "must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002); *see also Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987) (explaining that "the burden is on the claimant to present specific medical findings that meet the various tests under the description of the applicable impairment").

The Listing at issue in the Objections is Listing 1.04B, which provides:

> 1.04 Disorders of the spine (e.g., herniated nucleous pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve room (including the cauda equine) or the spinal cord. With: . . .

---

[2] A claimant also must show that any proffered medical evidence complies with the requirements of the Listing's introduction and his condition meets the applicable duration requirement of one year. 20 C.F.R. § 404.1525(c)(1)–(5).

> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysthesia, resulting in the need for changes in position or posture more than once every 2 hours . . . .

20 C.F.R. part 404, subpt. P, app. 1. At the outset, the Court finds that the ALJ's determination that Aldao did not *meet* Listing 1.04B is supported by substantial evidence—a determination that Aldao seemingly does not dispute. The record contains no mention of spinal arachnoiditis at all, let alone a finding of spiral arachnoiditis "confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging," as required by the Listing.

Aldao contends that Judge Turnoff did not apply the appropriate legal standard because he did not properly analyze whether Aldao's impairment *equals* the spinal arachnoiditis criteria in Listing 1.04B. To establish that an impairment or combination of impairments is medically equivalent to a Listing, the claimant "must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Sullivan v. Zebly*, 493 U.S. 521, 531 (1990) (emphasis in original), *superseded by statute on other grounds as stated in Colon v. Apfel*, 133 F. Supp. 2d 330, 338-39 (S.D.N.Y. 2001); *see also* 20 C.F.R. § 416.926(a)–(b) (providing that a claimant must establish medical equivalence by showing, *inter alia*, that the claimant has an impairment that is not listed but is closely analogous to a listing because the findings related to his impairment are of at least equal medical significance to the listing); SSR 83-19, 1983 WL 31248, at *2 (Jan. 1, 1983) (an impairment is "equivalent" to a listing only if a claimant's symptoms, signs, and laboratory findings are "at least equivalent in severity" to the criteria for the listed impairment most like the claimant's impairment). "A finding of equivalence must be based on medical evidence *only*." *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001) (emphasis added) (citing 20 C.F.R. § 404.1529(d)(3)).

Aldao argues that his bilateral epidural fibrosis, diagnosed in July 2008, presents "the very same signs and symptoms, as well as limitations" of spinal arachnoiditis—"[s]pecifically, manifestation by severe burning or painful dysthesia, resulting in the need for changes in position or posture more than once every 2 hours." Objections at 5. As Judge Turnoff correctly concluded, Aldao has cited no medical or other authority in support of the assertion that a finding of bilateral epidural fibrosis is medically equivalent to a finding of spinal arachnoiditis. The only evidence Aldao provides to support his argument that his epidural fibrosis "manifest[s] by severe burning or painful dysthesia, resulting in the need for changes in position or posture more than once every 2 hours" is his own testimony before the ALJ. This is insufficient. *See Dean v. Comm'r, Soc. Sec. Admin.*, 583 F. App'x 645, 646 (9th Cir. 2014) (per curiam) (affirming ALJ's finding that the claimant's impairments did not meet or equal Listing 1.04B where "the only evidence of severe burning or painful dysthesia resulting in the need for changes in position or posture more than once every two hours" was the testimony of the claimant and his wife). Only medical evidence will support a finding of medical equivalence. The ALJ properly rejected Aldao's subjective testimony.

Aldao argues that his testimony is supported by contemporaneous medical evidence that he experienced low back and lower extremity pain that worsened with sitting, standing, and walking for long periods and that was reduced by changing positions. But "while there are some objective medical findings that arguably might be minimally related to some of the requirements of Listing . . . 1.04B, . . . plaintiff has failed to offer any explanation of how these impairments ***meet or equal*** any of the requirements particular to" this listing. *Van Gilder v. Colvin*, No. 14-5909, 2016 WL 94228, at *8 (C.D. Cal. Jan. 7, 2016) (emphasis added), *appeal filed*, No. 16-55338 (9th Cir. Mar. 7, 2016); *see also Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014) (explaining that, to warrant remand "[a] claimant must do more than point to evidence on which the ALJ ***could*** have based his finding . . . . Rather, the claimant must point to specific

6

evidence that demonstrates he reasonably could meet or equal every requirement of the listing" (emphasis added)); *accord Sullivan*, 493 U.S. at 531 ("An impairment that manifests only some of those criteria, no matter how severely, does not qualify."). In the absence of medical evidence or medical explanation showing how Aldao's condition *meets or equals* the spinal arachnoiditis criteria, the ALJ's determination that Aldao did not satisfy his burden to meet or equal the requirements of Listing 1.04B and Judge Turnoff's determination recommending this decision be affirmed were rendered under the appropriate legal standard.

Aldao's remaining arguments regarding satisfaction of the Listing are without merit. Upon review, the Court concludes that the ALJ's conclusion here is supported by substantial evidence.

**B.     *RFC***

Aldao contends that the ALJ's failure to perform a function-by-function analysis necessarily "precludes appropriate judicial review," and any analysis by Judge Turnoff of the ALJ's determination "is, thus, beyond the Court jurisdiction." Objections at 9. The Court disagrees. "[T]he Eleventh Circuit has repeatedly rejected similar claims that an ALJ's failure to perform an explicit function-by-function assessment under SSR 96-8p is an error of law mandating reversal, so long as the ALJ's decision sufficiently indicates that he or she considered all relevant evidence in arriving at an RFC determination." *Stokes v. Colvin*, No. 14-0559, 2016 WL 311295, at *7 (S.D. Ala. Jan. 26, 2016) (collecting Eleventh Circuit cases); *accord Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) ("Where an ALJ's analysis at Step Four regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous, we agree with our sister Circuits that remand is not necessary merely because an explicit function-by-function analysis was not performed." (citing *Zatz v. Astrue*, 346 F. App'x 107, 111 (7th Cir. 2009) (per curiam); *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir.

2005); *Depover v. Barnhart*, 349 F.3d 563, 567-68 (8th Cir. 2003); *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002) (per curiam))).

Substantial evidence supports the ALJ's finding that Aldao has the residual functional capacity to perform a full range of light work, as that term is defined in 20 C.F.R. § 404.1567(b). An ALJ's discussion of a claimant's medical records and citation of a regulation that defines the exertional demands of the RFC satisfies the function-by-function requirement. *Castel v. Astrue*, 355 F. App'x 260, 263 (11th Cir. 2009) (per curiam). The ALJ ultimately decided that Aldao was capable of light work and was capable of performing past relevant work as a messenger. She based this conclusion on Aldao's medical records, affording considerable weight to the opinion of Dr. Kallan (Aldao's treating physician) that Aldao was able to perform light work. She also provided the citation to the regulatory definition of "light work." The ALJ, therefore, was not required to undertake a separate function-by-function analysis.

Finally, Aldao argues that the ALJ's decision should be reversed because it is "internally inconsistent." The Court finds no "internal inconsistency" in the ALJ's determination. The ALJ made a finding at Step Four of the sequential evaluation process that Aldao was capable of performing past relevant work as a messenger. She also made an "alternative finding" at Step Five, in which she elicited the testimony of a vocational expert, based on the proposition that Aldao's ability to perform all or substantially all of the requirements of light work "has been impeded by additional limitations." Tr. at 40. Under this finding, considering Aldao's age, education, work experience, and residual functional capacity, the ALJ found that he could perform the requirements of positions as a fast food worker, cleaner/housekeeper, and parking lot attendant. Under either alternative finding, the ALJ concluded that Aldao was not disabled.

Aldao argues that the ALJ contradicts herself by providing these two, allegedly internally inconsistent, findings. When the ALJ's ultimate decision is supported by sufficient evidence—as

the ALJ's decision is here—there are no grounds for the district court to reverse merely because the ALJ made alternative findings. *See, e.g.*, *Richardson v. Comm'r of Soc. Sec.*, No. 14-0703, 2016 WL 1165702 (M.D. Fla. Mar. 25, 2016) (affirming Commissioner's decision where the ALJ made alternative findings at Step Five of the evaluation process); *Cribbs v. Comm'r of Soc. Sec.*, No. 15-0003, 2016 WL 1068480 (M.D. Fla. Mar. 18, 2016) (affirming Commissioner's decision where the ALJ made a finding of no disability at Step Four and proceeded to make an alternative finding at Step Five).

The Court finds that these and other objections regarding Aldao's RFC are without merit. Accordingly, the objections on this ground are overruled.

## IV.   CONCLUSION

Upon *de novo* review of the administrative record and the Report, and considering the parties' arguments, the Court finds the ALJ's decision is supported by substantial evidence and in accord with the applicable law. Therefore, it is **ORDERED AND ADJUDGED** as follows:

(1)   the Plaintiff's Objections [ECF No. 39] are **OVERRULED**;

(2)   the Report and Recommendation [ECF No. 37] is **AFFIRMED AND ADOPTED**;

(3)   the decision of the Commissioner is **AFFIRMED**;

(4)   the Plaintiff's Motion for Summary Judgment [ECF No. 31] is **DENIED**;

(5)   the Defendant's Motion for Summary Judgment [ECF No. 32] is **GRANTED**; and

(6)   this case is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of March, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE